IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BANG TRINH AND MAI TRINH** | § § § | |
| **VS.** | § § | **CIVIL NO. 5:20-cv-00725** |
| **WERNER ENTERPRISES, INC.** **RAYMOND MARSHALL HUNTER** | § § | |

### DEFENDANT, WERNER ENTERRISES, INC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COMES, **WERNER ENTERPRISES, INC.** and files his Original Answer to Plaintiffs' Original Petition and would show the Court the following:

**I.**

1. Defendant, Werner Enterprises, Inc. denies the allegations contained in Paragraph 1 of Plaintiff's Original Petition are relevant given that they refer to state procedural discovery matters.

2. Defendant, Werner Enterprises, Inc admits the allegations contained in Paragraph 2 of Plaintiff's Original Petition.

3. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 3 of Plaintiff's Original Petition. Raymond Marshall Hunter is not a citizen of Texas, having moved to Nevada prior to the filing of this suit as set forth in the removal motion.

4. Defendant, Werner Enterprises, Inc admits the allegations contained in Paragraph 4 of Plaintiff's Original Petition.

5. Defendant Werner Enterprises, Inc denies that Defendant, Raymond Marshall Hunter resides in Texas or was a resident of Texas at the time suit was filed. But admits

that it "does business in Texas." and admits that the accident made the basis of the suit occurred in Texas. Werner denies the remainder of the allegations in Paragraph 5 of Plaintiff's Original Petition.

6. Defendant, Werner Enterprises, Inc admits that the accident occurred in Bexar County, but otherwise denies the allegations contained in Paragraph 6 of Plaintiff's Original Petition.

7. Defendant, Werner Enterprises, Inc admits that there was an accident on the day in question, the tractor trailer Raymond Marshall Hunter was driving was owned by Werner, and that Raymond Marshall Hunter was in the course and scope of employment on the day in question. Otherwise, Werner Enterprises, Inc denies the allegations contained in Paragraph 7 of Plaintiff's Original Petition.

8. Werner admits that, Defendant, Raymond Marshall Hunter was operating a motor vehicle in the course and scope of employment for Werner at the time of the accident, but otherwise denies the allegations in Paragraph 8.

9. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 9 of Plaintiff's Original Petition

10. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 10 of Plaintiff's Original Petition

11. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 11 of Plaintiff's Original Petition.

12. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 12 of Plaintiff's Original Petition.

13. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 13 of Plaintiff's Original Petition.

14. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 14 of Plaintiff's Original Petition

15. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 15 of Plaintiff's Original Petition.

16. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 16 of Plaintiff's Original Petition.

17. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 17 of Plaintiff's Original Petition.

18. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 18 of Plaintiff's Original Petition.

19. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 19 of Plaintiff's Original Petition.

20. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 20 of Plaintiff's Original Petition.

21. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 21 of Plaintiff's Original Petition.

22. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 22 of Plaintiff's Original Petition.

23. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 23 of Plaintiff's Original Petition.

24. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 24 of Plaintiff's Original Petition.

25. Defendant, Werner Enterprises, Inc cannot either admit or deny the allegations contained in Paragraph 25 of Plaintiff's Original Petition as it is a question of law as to whether interest is available or not.

26. Defendant, Werner Enterprises, Inc admits that Plaintiff made a jury demand in state court.

27. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 27 of Plaintiff's Original Petition are relevant given that they refer to state procedural discovery matters.

28. Defendant, Werner Enterprises, Inc denies the allegations contained in Paragraph 28 of Plaintiff's Original Petition are relevant given that they refer to state procedural trial and/or discovery matters.

29. Defendant, Werner Enterprises, Inc denies the allegations contained in the prayer of Plaintiff's Original Petition.

## II. AFFIRMATIVE DEFENSES

30. Additionally, and/or in the alternative, Defendant, **WERNER ENTERPRISES, INC.** would respectfully show that Plaintiffs alleged injuries and damages were caused or contributed to by the acts, omissions of Plaintiff, Bang Trinh which were negligent and were the sole proximate cause, producing cause, a proximate cause and/or a new and independent intervening cause of the incident and the alleged damages to Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **WERNER ENTERPRISES, INC.** respectfully prays that upon final trial Plaintiff takes nothing, and for such other and further relief, to which he may show himself entitled.

Respectfully submitted,

*/S/ Larry D. Warren*
LARRY D. WARREN
State Bar No. 20888450
FBN: 13339
**ATTORNEYS FOR DEFENDANTS**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350
Facsimile:   (210) 785-2950
lwarren@namanhowell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the **25th** day of **June 2020**, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel *via e-mail*:

Russell W. Endsley
State Bar NO. 24026824
LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601
rendsley-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFFS**

                                    */S/ Larry D. Warren*
                                    LARRY D. WARREN