UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BANG TRINH, MAI TRINH,**

   *Plaintiffs*,

v.                                                    Case No.  SA-20-CV-00725-JKP

**RAYMOND MARSHALL HUNTER,**
**WERNER ENTERPRISES, INC.,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Raymond Marshall Hunter and Werner Enterprises, Inc.'s Motion for Partial Summary Judgment, Plaintiffs Bang Trinh and Mai Trinh's Response, and Defendants' Reply. *ECF Nos. 60, 63, 67*. Upon consideration of the parties' briefings and applicable law, the Court **GRANTS** Defendants' Partial Motion. The Trinhs' ordinary negligence cause of action based upon the actions or inaction of Hunter remains. All other causes of action, stated or implied, are dismissed with prejudice.

## BACKGROUND

This lawsuit arises from a collision occurring on March 2, 2019, in which Hunter, while operating an 18-wheeler in the course of his employment with Werner Enterprises[1], left his lane of travel, struck the Trinhs' vehicle, and crushed it against a highway barrier. *ECF No. 1-2*. The Trinhs allege they suffered significant injuries which required several surgeries. The Trinhs filed this lawsuit in state court asserting causes of action against both Defendants for ordinary negligence and negligence *per se*, vicarious liability against Werner for Hunter's negligence, and

---

[1] Werner admits Hunter was acting in the course and scope of his employment when the accident occurred.

a cause of action of non-vicarious liability against Werner due to its negligent hiring, retention, training, and entrustment. The Trinhs also pursue a cause of action for gross negligence against Werner and Hunter, or, if liberally construed, seek a jury instruction for exemplary damages based upon gross negligence. *ECF No. 1-2.* Werner and Hunter move for partial summary judgment on the gross negligence, negligence *per se*, vicarious liability, and non-vicarious liability causes of action. *ECF No. 60.*

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The

---

[2]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence

3

and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## DISCUSSION

### 1. Gross Negligence Asserted Against Both Defendants

Both Defendants argue they are entitled to summary judgment as a matter of law on the Trinhs' gross negligence cause of action asserted against each.

#### a. Against Hunter

Texas does not recognize gross negligence as a cause of action separate and independent of ordinary negligence. *RLI Ins. Co. v. Union Pac. R. Co.*, 463 F. Supp. 2d 646, 649–50 (S.D. Tex. 2006); *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 557 (Tex. App.—Amarillo 1997, writ denied). Instead, "the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages." *Id*.; *see also* Tex. Civ. Prac. & Rem. Code § 41.003(a)(3).

In their Original Petition, the Trinhs assert gross negligence as an independent cause of action. *ECF No. 1-2, pars. 17,18*. The Trinhs do not expressly seek exemplary damages, but only include this potential recovery in a list of possible relief. *Id. at p. 8, Prayer*. To this extent, the Court can only construe the Trinhs' assertion of gross negligence as an independent cause of action, which is not cognizable. Nevertheless, the record reveals the Trinhs cannot show gross negligence even if relevant to any pursuit of exemplary damages.

"Gross negligence has both an objective and a subjective component." *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 796 (Tex. 2012). First, "viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others." *Lee Lewis Constr.,*

*Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). Second, "the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Id*. Under the first, objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). To establish the subjective component, "the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005). The risk should be "examined prospectively from the perspective of the actor, not in hindsight." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). The defendant need not have anticipated the precise manner of harm or to whom the injury would befall to hold the required awareness of the extreme risk. *U-Haul Int'l., Inc., v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012). Circumstantial evidence can be used to prove either element of gross negligence. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d at 921.

Hunter contends he is entitled to summary judgment on the gross negligence cause of action because the Trinhs cannot show and fail to produce any evidence that Hunter's actions or inactions rose to the necessary level of an extreme degree of risk considering the probability and magnitude of the potential harm to others. Hunter contends the Trinhs can produce no evidence showing Hunter's conduct involved an extreme degree of risk, and at most his actions constitute ordinary negligence. Hunter further contends, even if his conduct posed an extreme risk, there is no evidence Hunter was actually and subjectively aware of the extreme risk and disregarded it. For this reason, Hunter contends the Trinhs have no evidence to support either prong of their burden of proof to support entitlement to exemplary damages.

To demonstrate the absence of a genuine dispute on either prong, Hunter points to the facts as alleged in the Original Petition and the circumstances of the undisputed facts pertaining to the accident. In particular, the actions or inactions of Hunter cannot support any finding of gross negligence because the allegations could amount only to ordinary negligence, and the Trinhs allege nothing and have no evidence that his conduct involved an extreme degree of risk, such as he was using alcohol or drugs or evidence of cell phone use, extreme fatigue, or some other distracted driving.

In the Original Petition, the Trinhs allege Hunter "was inattentive, failed to maintain a single lane of travel, and veered directly into [their] lane of travel…." *ECF No. 1-2, par 7*. Further, the Trinhs allege Hunter operated his vehicle in a negligent manner by: "failing to keep a proper lookout," "failing to timely apply the brakes," "failing to control speed," " failing to comply with Federal and State DOT regulations," "failing to properly maintain his commercial motor vehicle," and "driving while distracted." *Id. at par 15*. The Trinhs contend each of the alleged acts or omissions, singly or in combination, constitute gross negligence. *Id.*

Based upon these facts as alleged, the Trinhs present nothing more than ordinary negligence. The alleged facts do not present any act or omission that involved an extreme degree of risk. Based upon these facts and upon Hunter's assertion no evidence exists in the record to demonstrate he acted with gross negligence, Hunter satisfies his summary judgment burden.

Accordingly, the burden shifts to the Trinhs to identify specific evidence in the record and articulate the precise manner in which this evidence raises a genuine dispute of material fact on either of the prongs of their burden of proof for this recovery. *See Ragas*, 136 F.3d at 458. The Trinhs respond they rely upon circumstantial evidence to establish gross negligence and present evidence they contend raises a genuine dispute of material fact whether Hunter "knew

that changing lanes unsafely and failing to keep a proper lookout and moving into a lane occupied by another vehicle involves an extreme degree of risk."

As evidence to establish Hunter "was the cause of the wreck by making an unsafe land change," the Trinhs present excerpts from Hunter's deposition testimony. *ECF No. 63, Exh. C*. Within this excerpt, the Trinhs allege Hunter admits "he had actual knowledge the dangers of changing lanes when unsafe to do so. . . . Regardless, he was driving in an aggressive manner . . . because [the Trinhs] were driving too slow." The Trinhs also point to evidence obtained in discovery and Hunter's deposition which, they allege, demonstrates Hunter lied in his job application to Werner about the fact he held a prior commercial driver's license. *Id*.

Review of the evidence presented reveals the Trinhs do not present evidence sufficient to raise a genuine dispute of material fact whether Hunter acted with an extreme degree of risk. Nothing presented raises a genuine dispute on either the objective or subjective prong. Accepting as true Hunter's admission in his deposition that he was aware of the dangers of changing lanes when unsafe to do so, this admission does not pertain to whether he did, in fact, do so on the occasion at issue. Further, even if Hunter did fail to keep a proper lookout or was distracted, the admission does not pertain to whether his actions presented an extreme degree of risk to others. *See Ruelas v. W. Truck & Trailer Maint. Inc.*, No. PE:18-CV-2-DC, 2019 WL 4060891, at *7–8 (W.D. Tex. June 6, 2019). The mere fact that Hunter might have driven his commercial truck negligently does  not  constitute gross negligence.  *See id*; *Phillips v. Super Services Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016). "In fact, Texas courts have repeatedly made clear that whether a driver is operating a car or a truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips,* 189 F. Supp. 3d at 656. (collecting cases).

The evidence presented by the Trinhs in response to the Motion for Partial Summary Judgment amounts to evidence of ordinary negligence and is not salient to the issue whether Hunter acted with an extreme degree of risk. For this reason, the Trinhs do not present any facts or evidence which raise a genuine dispute of material fact whether an act or omission by Hunter involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others or whether Hunter had an actual and subjective awareness of the potential harm, but nevertheless disregarded it. *See Lee Lewis Constr., Inc.*, 70 S.W.3d at 785. Consequently, the Trinhs fail to satisfy their summary judgment burden of proof.

For these reasons, summary judgment in favor of Hunter on the issue of gross negligence is appropriate.

### b.  Against Werner

The Trinhs do not allege any facts in the Original Petition regarding the basis of the asserted gross negligence cause of action against Werner. The Trinhs ambiguously assert only Werner's "conduct involved an extreme degree of risk" and it "had actual, subjective awareness of the risk involved, but, nevertheless, proceeded in conscious indifference." Finally, the Trinhs allege "[e]ach of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence...." *ECF 1-2, par 13*.

To the extent the Trinhs sufficiently allege facts supporting a gross negligence assertion as basis for exemplary damages against Werner, a corporation may be liable for gross negligence under Texas law, but only for its own conduct. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998); *see also Finley v. Vermeer Mfg. Co.*, No. 18-CV-192, 2019 U.S. Dist. LEXIS 178031, 2019 WL 5058901, at *5 (W.D. Tex. July 11, 2019). A corporation itself commits gross negligence when it authorizes or ratifies an agent's gross negligence, commits gross negligence

through the actions of a vice principal, or is grossly negligent in hiring an unfit agent. *Phillips*, 189 F. Supp. 3d at 656-57; *Mobil Oil Corp. v. Ellender*, 968 S.W.2d at 921-22; *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387 (Tex. 1997).

The Court concluded summary judgment is proper on the issue of Hunter's gross negligence in the course of the accident. The Trinhs allege no facts and present no evidence to support a jury instruction on gross negligence against Werner based upon its authorization or ratification of any conduct related to the accident, its commission of gross negligence through the actions of a vice principal, or its grossly negligent hiring of Hunter. Nor do the Trinhs allege sufficient facts or present evidence to raise a genuine dispute of material fact whether Werner committed gross negligence. Consequently, the Trinhs fail to satisfy their shifting summary judgment burden of proof.

For these reasons, summary judgment in favor of Werner on the issue of gross negligence is appropriate.

## 2. Direct Negligence Causes of Action Against Werner and Application of the Respondeat Superior/Vicarious Liability Rule

In the Original Petition, the Trinhs assert Werner is vicariously liable for Hunter's negligence under the theory of respondeat superior. *ECF No. 1-2, pars. 8,9*. The Trinhs also assert a direct cause of action against Werner for negligent hiring, retention, training, and entrustment. *Id. at pars. 10, 11*.

The common-law doctrine of respondeat superior holds one person vicariously liable for the acts of another based solely on the relationship between them. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130–31 (Tex. 2018), *reh'g denied* (Dec. 14, 2018). Under this respondeat superior doctrine, an employer may be vicariously liable for its employee's negligence if "at the time of the negligent conduct, the worker (1) was an employee and (2) was

acting in the course and scope of his employment." *Id*. at 131; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Conversely, direct causes of action asserting negligent hiring, negligent training, negligent supervision, and/or negligent entrustment are based on the employer's own negligent conduct and not the employee's negligent conduct. *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009).

As a general rule, in cases involving ordinary negligence, causes of action which impose direct liability on an employer for its own negligence (*e.g.*, negligent hiring,…) and causes of action which impose vicarious liability on an employer for its employee's negligence (respondeat superior) allow a plaintiff to recover twice on the same negligent act, that is, once for the employee's negligence in causing the plaintiff's injury, and again for the employer's negligence in hiring the employee. *Robinson*, 2022 WL 174520, at *7; *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). However, in this situation, if the plaintiff does not allege gross negligence, and the defendant employer admits vicarious liability, "the competence or incompetence of the [employee] and the care which was exercised in his employment are immaterial issues." *Id*. Consequently, to preclude this double recovery, the two modes of recovery are mutually exclusive. *Id.; Sanchez v. Transportes Internacionales Tamaulipecos S.A. de C.V.*, No. 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017); *Arrington's Estate v. Fields*, 578 S.W.2d 173, 178 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.). In practicality, then, a plaintiff may not advance an ordinary negligence cause of action against an employer under both vicarious liability and direct liability theories when the vicarious liability of the employer is established "by an admission or stipulation of agency or course and scope of employment." *Plascencia v. Hillman*, No. 19-CV-40, 2019 WL 4087439, at *3 (W.D. Tex. July 3, 2019); *Robinson*, 2022 WL 174520, at *7.

Here, the Trinhs allege ordinary negligence and the Court already concluded that, to the extent they attempt to assert gross negligence against Werner, this assertion is not cognizable. Therefore, the only cause of action proceeding to trial is grounded in ordinary negligence.

Werner stipulates that at the time of the accident, Hunter was acting within the course and scope of his employment at the time of the accident that is the subject of this action and was its statutory employee for purposes of vicarious liability. *See ECF No. 60, p. 17*. Thus, under the doctrine of respondeat superior, Werner assumes vicarious liability for any negligence on the part of Hunter that proximately caused the accident. Consequently, any negligence cause of action arising from this admitted vicarious liability is mutually exclusive of the causes of action based on Werner's own negligence. *See Williams*, 671 F. Supp. 2d at 888; *Sanchez*, 2017 WL 3671089, at *2; *Fuller v. Werner Enterprises, Inc.*, No. 3:16-CV-2958, 2018 WL 3548886, at *2 (N.D. Tex. July 24, 2018); *Rosell*, 89 S.W.3d at 654.

Because the Trinhs cannot pursue both theories of recovery, summary judgment shall be granted as a matter of law on the Trinhs' direct negligence causes of action against Werner: negligent hiring, retention, training, and/or entrustment. *See Robinson*, 2022 WL 174520, at *7; *Fuller*, 2018 WL 3548886, at *2.

### 3. Negligence *Per Se*

"Negligence *per se* is a common-law doctrine in which a duty is imposed on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). To prevail on a cause of action for negligence *per se*, a party must also establish the violative conduct was the proximate cause of that party's injuries. *Ambrosio v. Carter's Shooting Ctr.*, 20 S.W.3d 262, 265 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). "The mere fact that the legislature adopts a

11

criminal statute does not mean that the courts must accept it as a standard for civil liability." *Discovery Operating, Inc. v. BP America*, 311 S.W.3d 140, 162 (Tex.App.—Eastland, 2010) (citing *Perry v. S.N.*, 973 S.W.2d 301, 304 (Tex. 1998)). "[T]he adoption of criminal statutes into tort law is a matter of judicial discretion." *Id.*

The Trinhs do not clearly or overtly assert a cause of action for negligence *per se*. Instead, they ambiguously state, "[e]ach of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence. . . ." *ECF No. 1-2, pars. 9,12,14,16,18*. Within the assertion of the negligence cause of action against Hunter, the Trinhs list several actions which could amount to a violation of the Texas Transportation Code, and specifically state Hunter committed negligence by "[f]ailing to maintain a single lane of travel in violation of Section 545.060 of the TEXAS TRANSPORTATION CODE." *Id. at par. 15*.

Defendants argue they are entitled to summary judgment on the Trinhs' cause of action of negligence *per se* under Texas Transportation Code §545.060 as a matter of law. Defendants contend Texas Transportation Code §545.060 does not establish a specific standard of conduct different from the common-law standard of ordinary care, and therefore, the Trinhs' negligence *per se* cause of action is unavailable under §545.060.

Under the Texas Transportation Code, Section 545.351(a) provides "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." Parts (b) and (c) further provide that operators shall control their speed in particular circumstances. Tex. Transp. Code Ann. § 545.351(b)–(c). Section 545.060(a) provides that an operator must drive in a single lane and "may not move from the lane unless the movement can be made safely." Parts (b), (c), and (d) provide specific directives for situations involving center

lanes and traffic control devices. Tex. Transp. Code Ann. § 545.060(b)–(d). Section 545.401(a)

provides that "[a] person commits an offense if the person drives a vehicle in willful or wanton

disregard for the safety of persons or property." Parts (b), (c), and (d) provide details regarding

the type of punishment that may be imposed and the scope of the section. Tex. Transp. Code

Ann. § 545.401(b)–(d).

When a statute includes an ordinary-prudent-person standard, the negligence *per se*

doctrine cannot apply to the case because the statute implicates the same standard of conduct as

the common-law standard of ordinary care. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d

453, 456 (Tex. App.—Texarkana 2002, pet. denied); *see also Rivera v. Thanh Chi Nguyen*, No.

PE:18-CV-41-DC-DF, 2019 WL 4999055, at *4 (W.D. Tex. July 22, 2019), report and

recommendation adopted, No. PE:18-CV-041-DC, 2019 WL 5026928 (W.D. Tex. Aug. 6, 2019).

In this situation, it would be redundant to submit a question or instruct the jury on the statutory

standard of negligence *per se* standard in addition to that of ordinary negligence. *Supreme Beef*

*Packers, Inc.*, 67 S.W.3d at 456 (quoting *Smith v.  Cent. Freight Lines, Inc.*, 774 S.W.2d 411,

413–15 (Tex.App.—Houston [14th Dist.] 1989, writ denied)).

In cases factually similar to this one, with identical assertions, courts consistently

determine Sections 545.351(a) and 545.060 incorporate the common law's ordinary standard of

care and, therefore, a negligence *per se* cause of action based upon this statute is not

cognizable. *See e.g. Gore v. Gore*, 233 S.W.3d 911, 913 Tex. App.—Beaumont 2007, pet.

denied); *Ochoa v. P.A.M. Cartage Carriers, LLC*, Civil Action No. 5:17-CV-787-XR, 2019 WL

360528, at *5 (W.D. Tex. Jan. 29, 2019); *Sanchez v. Swift Transp. Co. of Ariz., LLC*, 2017

WL5654909, at *2–3; *Rivera v. Thanh Chi Nguyen*, 2019 WL 4999055, at *4. Specifically,

Section 545.060 employs the term "safely." "Texas courts have previously held that a statute that

requires a driver proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence *per se* instruction." *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (emphasis in original). Section 545.401(a) "states an offense occurs when there is willful or wanton disregard but it does not impose a special standard of care, and thus may not support negligence *per se*." *Fret v. Melton Truck Lines, Inc.*, Civil No. SA-15-CV-00710, 2016 WL 10590158, at *3 (W.D. Tex. Nov. 29, 2016) (citing *Freudiger v. Keller*, 104 S.W.3d 294, 298 (Tex. App.—Texarkana 2003, pet. denied)), *rev'd in part on other grounds*, 706 F. App'x 824 (5th Cir. 2017); *Rivera v. Thanh Chi Nguyen*, 2019 WL 4999055, at *4.

None of the statutes that can be construed to relate to any assertion of negligence *per se* by the Trinhs can support this cause of action as a matter of law. Consequently, to the extent the Trinhs assert any negligence *per se* cause of action, the Court grants summary judgment in favor of Hunter and Werner.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment. *See ECF No. 60*. Thereby the Trinhs' cause of action of negligence *per se* asserted against Werner and Hunter, and direct causes of action asserted against Werner are dismissed with prejudice. The Trinhs will not receive a jury instruction on the issue of gross negligence, and to the extent this is asserted as a cause of action, it is dismissed by summary judgment as a matter of law. Werner stipulates to any vicarious liability should the trier of fact determine Hunter was negligent. The only cause of action remaining is that of ordinary negligence based upon the actions or inactions of Hunter.

It is so ORDERED.
SIGNED this 11th day of October, 2022.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE